THE BOARD OF TRUSTEES OF THE ILLINOIS AND MICHIGAN
CANAL

*v.*

CHARLES DAFT.

1.  NEGLIGENCE—*action for, will not lie against the board of trustees—must be brought against the State trustee.*  In an action on the case brought against the board of trustees of the Illinois and Michigan Canal, to recover damages for the loss of a canal boat, occasioned, as alleged, by the negligence of the defendant: *Held,* that the action was *alone* maintainable against the State trustee, and would not, therefore, lie against the defendants as a board of trustees.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

The opinion states the case.

Mr. I. N. ARNOLD and Mr. GEO. C. CAMPBELL, for the appellants.

Messrs. RAE & PROUDFOOT, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought in the Superior Court of Chicago, by Charles Daft against the board of trustees

1868.]    Trustees Ill. & Mich. Canal v. Daft.    97

Opinion of the Court.

of the Illinois and Michigan Canal, to recover damages for the loss of the canal boat " Bay State," occasioned, as is alleged, by the negligence of the defendants.

It appears, the bottom, by reason of long use and decay, dropped out of one span of the acqueduct across Vermilion river, and let the water out, and the boat sunk to the bottom. The boat was not, at the time of the accident, in the prism of the canal, but in an enlargement of it, for the use of which the board of trustees charged and received tolls on this boat, and where she lay a dock had been built by the superintendent of the canal, for the accommodation of canal boats. It was used for that purpose — for canal boats to lie in.

The jury found the defendants guilty, and assessed the damages at fourteen hundred and fifty-seven dollars and seventy-eight cents. A motion for a new trial was overruled, and judgment entered on the verdict, to reverse which the defendants bring the record here by appeal, and assign various errors, the most important of which is the seventh, in holding that this action could be maintained against the appellants.

This point has been argued with great ability, on both sides, and were it not for the act of February 28, 1847, 1 Purp. Stat. 478, Scates' Comp. 931, we should hold, on principle, that the board was liable to an action, for the want of ordinary care and skill in the management of the canal, and in the performance of their duties, and, therefore, that the instructions of the court, on that point, were proper, and that the verdict was fully sustained by the evidence, that, showing the grossest carelessness by the defendants. It is impossible to allow that these great interests depending on safe canal navigation, shall be subjected to injuries, wanton or otherwise, by the negligence of those entrusted with its management, and there be no remedy for the wrongs done, by action at law.

But that act, which does not seem to have attracted much attention on either side, provides in express terms, where individuals, or corporations, had a right, under the former

13—48th Ill.

laws of this State, or any of them relating to the Illinois and Michigan Canal, to prosecute suits against the board of commissioners of the canal, whilst such board was in existence, such individuals or corporations, shall have the right to prosecute suits in all competent courts of this State against the "State Trustee of the Illinois and Michigan Canal," by that name and style, the appointment of this trustee having been authorized by the act of February 21, 1843. The act further provides that such suits, so to be brought against such trustee, shall be prosecuted and defended in the same manner as suits heretofore authorized against the board of commissioners were prosecuted and defended, and judgment against such trustee *shall* be of the same nature, and have the same effect as judgments recovered against the board of commissioners.

It is further provided, by the second section of this act, that the State trustee, by the above name and style, may also prosecute and defend suits in all cases where the board of commissioners might, or could, have prosecuted and defended suits, so far as is not inconsistent with the act of February 21, 1843. The act is entitled "An act to authorize the bringing of suits against the State trustee of the Illinois and Michigan Canal."

The argument of appellee is, that, as by the tenth section of the act of January 9, 1836, the board of canal commissioners were constituted a body politic and corporate, and in their corporate name to sue and be sued, and, as the act of February 21, 1843, provides that the board of trustees shall possess all the powers, and perform all the duties, conferred on the board of canal commissioners, therefore, they can sue and be sued, and this, we think, would follow, did not the act of 1847, which we have quoted, otherwise provide. This act is the expressed will of the legislature, on this particular subject, and must furnish the only, and exclusive, rule of proceeding for the misfeasance, malfeasance, or nonfeasance of the board, as a board; and why should this be so? The answer is plain.

The canal and its revenues are pledged to such cred-
itors of the State as expended their money in its completion,
and no portion of which can be withdrawn for any purpose
not contemplated by the act of 1843, without their consent,
but that there may be a remedy afforded those who may be
injured by the operations of the board, the State steps in and
assumes the responsibility, by saying to all such, Bring your
action against the State trustee, who represents the State, and
such damages as you may obtain we will pay. The trustees
appointed by the creditors, acting in a fiduciary character,
have no power over the fund under their control, otherwise
than to pay it out to their *cestuis que trust.* In the same pro-
portion that their legitimate receipts would be lessened by
recoveries of this nature, to the same extent would the State be
required to make it good by payments from the public treas-
ury; hence, the declaration, Bring your action against the
State trustee, and the amount of your recovery will be paid
by the State.

Counsel for appellee refer to this statute in their brief, as
an argument in favor of the right of action against the board
of trustees, and couple it with an act passed March 1, of the
same year. That act was passed to amend several acts to pro-
tect the canal lands against trespassers, and, with great propri-
ety, it provided, by the fourth section, that all suits, except prose-
cutions by indictment, commenced under that act, and the act
to which it was an amendment, should be brought in the
name of the "Board of Trustees of the Illinois and Michigan
Canal," and why? Because by the act of 1845, supplemental
to this act of February 21, 1843, the State, by the Governor,
conveyed the lands and lots remaining unsold, to the trustees,
consequently, for any trespasses on them, they alone should
sue, having the legal title. This act of March, 1847, nowhere
provides, as appellee's counsel seem to understand, that all
suits commenced subsequent to the change of management,
from a board of canal commissioners to that of a board of

trustees, shall be brought against the board of trustees. All there is in the act, on that subject, is the fourth section, which we have quoted, and that has reference solely to suits against trespassers on the canal lands, and declaring that such suits must be brought in the name of the board of trustees, as the legal title was in them.

Entertaining these views, we are constrained to reverse the judgment, the action being sustainable against the State trustee alone.

*Judgment reversed.*

Mr. JUSTICE LAWRENCE: If the action is maintainable at all, I am of opinion it may be maintained against the board of trustees as well as against the State trustee.