THE STATE TRUSTEE OF THE ILLINOIS AND MICHIGAN
CANAL

*v.*

CHARLES DAFT.

1. NEGLIGENCE — *action for, will not lie against the board of trustees — must be brought against the State trustee.* The ruling in the case of *Trustees of the Illinois and Michigan Canal* v. *Daft,* 48 Ill. 96, holding, in an action on the case brought against the board of trustees, to recover damages for the loss of a canal boat, occasioned, as alleged, by the negligence of the defendants, that the action was *alone* maintainable against the State trustee, and would not, therefore, lie against the defendants as a board of trustees, re-affirmed.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

*Mr. ISAAC N. ARNOLD, for the appellant.

Messrs. RAE & MITCHELL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action commenced in the Superior Court of Chicago, by the appellee, against the appellant, for alleged damages to appellee's canal boat, resulting from an insufficient aqueduct, which, it is averred, had been negligently left out of repair, the appellant knowing the same to be unsafe and dangerous.

The action was originally commenced against "The Board of Trustees of the Illinois and Michigan Canal," instead of the " State Trustee," as in the present case.

A trial was had in the first case on substantially the same evidence as is contained in the present record, which resulted in a verdict for the plaintiff, on which the court rendered a judgment against the "board of trustees."

From that judgment the "board of trustees" prosecuted an appeal, and the cause came before this court at the September term, 1868, and the case is reported in 48 Ill. 96.

It was then held, on the evidence contained in the record, that the appellee was entitled to recover, but that the action was improperly brought against the "board of trustees." The action should have been brought against the "State trustee." The present action was commenced, in conformity with the views expressed in that opinion, against the State trustee.

We are now asked by counsel to reconsider the former decision of this court. We have carefully done so, and we can perceive no good reason for changing the views then expressed. The question was fully discussed in the former opinion and there is now no necessity for discussing it again.

No other objection is urged on the attention of the court, and the judgment must be affirmed.

*Judgment affirmed.*